**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **CRIMINAL ACTION NO.** |
| **JAIME MONDRAGON-CERVANTES,** | **3:26-cr-00005-TES-CHW** |
| *Defendant.* | |

**ORDER GRANTING UNOPPOSED MOTION TO CONTINUE**

Before the Court is Defendant Jaime Mondragon-Cervantes's Unopposed Motion to Continue Trial in the Interest of Justice. [Doc. 16]. The government does not oppose this continuance. [*Id.* at p. 1]. For the reasons set forth below, the Court finds that the trial should be continued pursuant to 18 U.S.C. § 3161(h).

On March 10, 2026, the Grand Jury returned a one-count Indictment [Doc. 1] charging Defendant with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). Defendant was arrested on March 26, 2026, pled "not guilty" at his arraignment the same day, and was detained pending trial. [Doc. 5]; [Doc. 8]; [Doc. 9]; [Doc. 12]. The Court's pretrial order set an April 27, 2026, deadline for the government to disclose discovery to the defense. [Doc. 10]. The government has not yet disclosed discovery to Defendant. [Doc. 16]. The Pretrial Conference is currently set for May 18, 2026. [Doc. 13].

While the grant of a continuance is left to the sound discretion of the trial judge,

*United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A).

Defendant Mondragon-Cervantes requests a continuance so that his counsel will have sufficient time to review and investigate the government's discovery once it is disclosed. [Doc. 16, p. 2]. The Court finds that granting a continuance serves the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the ends of justice served by granting Defendant's request outweigh the interests of Defendant and the public in a speedy trial. *See id.* Specifically, failure to grant this continuance would deny Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). For this reason, the Court **GRANTS** Defendant Mondragon-Cervantes's Unopposed Motion to Continue Trial in the Interest of Justice. [Doc. 16]. The Court **CONTINUES** the Pretrial Conference until **June 3, 2026**, and **CONTINUES** the trial of this matter until the July 2026 trial term**.** The

delay occasioned by this continuance shall be deemed excludable pursuant to the

provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

**SO ORDERED**, this 2nd day of April, 2026.

S/ Tilman E. Self, III

**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**